UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL TYREE ALLEN,

               Petitioner,               Nos.   09-CV-10434
                                                                  02-CR-80870

vs.                                                        Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

               Respondent.
_____/

<u>ORDER DENYING 2255 MOTION, WITHOUT PREJUDICE</u>

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 17, 2009

PRESENT:  Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

Petitioner/Defendant Russell Tyree Allen filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence challenging the Federal Bureau of Prisons' computation of his sentence, specifically the BOP's alleged failure to properly credit him for all pre-sentence time served.

A motion under 28 U.S.C. § 2255 may not be used to challenge only the BOP's computation of a defendant's sentence. *See Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Such a challenge is an attack on the execution of the sentence, not on the validity of the sentence itself. *United States v. Jalali*, 925 F.2d 889, 893 (6th Cir. 1991). A petitioner may not use Section 2255 to challenge official action affecting execution of

sentence, such as the computation of sentence credits or parole eligibility. *Id.*; *see also, United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir.1987); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1980). "The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 naming the warden of the federal facility as the respondent." *United States v. Smith*, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000); *Jalali, supra*, 925 F.2d at 984 (an attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition). For these reasons, the Court finds that it is without subject matter jurisdiction under 28 U.S.C. § 2255 to entertain Defendant's motion to vacate, set aside, or correct his sentence in this case.

Therefore,

IT IS HEREBY ORDERED that Defendant Allen's Section 2255 Motion **[Dkt. # 45]** is DENIED, without prejudice to Defendant's right to file a habeas corpus petition pursuant to 28 U.S.C. § 2241.[1]

---

[1] This may require that Petitioner first exhaust his administrative remedies. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir.1975); *Howell v. Dewalt*, 2007 WL 1452891 (W.D. Ky. 2007).

IT IS FURTHER ORDERED that Civil Action No. 09-10434 is DISMISSED, without prejudice.

>                             s/Gerald E. Rosen
>                             Chief Judge, United States District Court

Dated:  February 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2009, by electronic and/or ordinary mail.

>                             s/LaShawn R. Saulsberry
>                             Case Manager